**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ZARGARYAN, | No. 12-73367 |
| Petitioner, | Agency No. A097-859-273 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Edgar Zargaryan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to remand and

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003), and de novo claims of due process violations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

As an initial matter, the BIA did not abuse its discretion in denying Zargaryan's motion to remand where he failed to demonstrate prima facie eligibility for adjustment of status. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). The record does not support Zargaryan's contention that the BIA did not consider all the evidence, including his declaration. Further, we reject Zargaryan's contention that the BIA violated due process by denying his motion to remand. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Substantial evidence supports the BIA's adverse credibility determination based on the inconsistencies between Zargaryan's testimony and documentary evidence regarding when he was harmed, when he left Armenia for Moscow, and when and how he obtained travel documents. *See Chebchoub*, 257 F.3d at 1043 (inconsistencies "about the events leading up to [petitioner's] departure," go to the

heart of the claim, and support an adverse credibility finding).  Zargaryan's explanations do not compel a contrary result.  *See Lata*, 204 F.3d at 1245.  We reject Zargaryan's contentions that the agency's findings are based on speculation and conjecture.  In the absence of credible testimony, Zargaryan's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, because Zargaryan's CAT claim is based on the same testimony found not credible, and he does not point to any other evidence that compels the finding that it is more likely than not he would be tortured if returned to Armenia, his CAT claim also fails.  *See id.* at 1156-57.  Contrary to Zargaryan's contention, the record shows the agency considered the country report.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security.  *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**